EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
GOLDEN LAW
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.G., | ) Case No. |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES AND JURY** |
| vs. | ) **DEMAND** |
| UNITED STATES OF AMERICA; ENRIQUE CHAVEZ, in his individual capacity; RAY GARCIA, in his individual capacity, | ) |
| Defendants. | ) |

### INTRODUCTION

1. Plaintiff E.G. served a sentence in the Bureau of Prisons and was housed at Federal Correctional Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club."

2. While housed at FCI Dublin, Plaintiff E.G. faced constant sexual harassment, culminating in multiple instances of sexual abuse.

3. Other staff members at FCI Dublin, all the way up through Bureau of Prisons leadership, were aware of the culture of sexual abuse at FCI Dublin and did nothing to meaningfully respond or otherwise protect the people incarcerated there.

4. As a result, Plaintiff E.G. suffers from long-lasting trauma.

**JURISDICTION AND VENUE**

5. An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

6. This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

7. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff E.G. will list this case on the bi-monthly list that will be submitted to the Court to relate this case to those other cases.

**PARTIES**

9. Plaintiff E.G. was at all times relevant here incarcerated in FCI Dublin.

10. Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of the Federal Correctional Institute Dublin ("FCI Dublin"). FCI Dublin was a federal female low-security correctional institution.

11. Defendant Enrique Chavez was, at all times relevant hereto, a Correctional Officer at FCI Dublin. He is sued in his individual capacity.

12. Defendant Ray Garcia was, at all times relevant hereto, the Warden and PREA Coordinator during the time of this abuse. He is sued in his individual capacity.

13. While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff E.G. Plaintiff E.G. was dependent upon Defendant United States for her personal security and necessities.

14. In performing the acts and/or omissions contained herein, Defendants Chavez and Garcia, and Ramos, acted under color of federal law, and Plaintiff E.G. is informed and believes

*E.G. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 2

each acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff E.G. Defendants Garcia and United States knew or should have known that their conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff E.G. and to her constitutionally and statutorily protected rights. Despite this knowledge, Defendants Garcia and United States failed to take steps to protect Plaintiff E.G. and to ensure her rights to safety from sexual abuse.

**FACTS**

15.     From August 2019 to August 2021, and again from September 2021 to February 2022, Plaintiff E.G. was incarcerated at FCI Dublin.

16.     Between August 2020 and March 2021, Plaintiff E.G. was sexually harassed and battered by Officer Nicholas Theodore Ramos, now deceased.

17.     Plaintiff E.G. came under Ramos' ire when he spat on the floor of the commissary as she was walking by.

18.     She objected because it was unsanitary, and this was the height of COVID.

19.     That same day, around noon, Ramos searched Plaintiff E.G.'s room and destroyed her property.

20.     Ramos made threats to Plaintiff E.G., to the effect of "Don't forget you're in my house."

21.     Later in the fall of 2020, Plaintiff E.G. was in the gym for recreation.

22.     Ramos came in and ordered her to leave the gym and clean up the goose feces that had accumulated in the yard.

23.     That was unusual because that was not her job, but she did not want to disobey his orders, so she went into the yard with him.

24.     Ramos began directing Plaintiff E.G. to bend over, and when she protested, he told her that it was an order.

25.     Not wanting to disobey his orders for fear of retaliation, she obeyed.

26.     When Plaintiff E.G. bent over, Ramos made sexual comments about her buttocks.

27.    On another occasion, Ramos came into Plaintiff E.G.'s cell on Unit B while she was using the toilet.

28.    She had a paper up in her cell door's window, which was an accepted indication that a prisoner was changing, using the bathroom, or otherwise undressed.

29.    This should have been an indication to Ramos not to enter Plaintiff E.G.'s cell.

30.    Despite this, Ramos burst open the door while Plaintiff E.G. had her pants down and was addressing her sanitary napkin.

31.    She closed the door and told Ramos that she was using the bathroom, and he shoved it open again.

32.    Ramos then grabbed Plaintiff E.G.'s hand and waist and performed an intrusive search, manipulating her brassiere and rubbing against her breast and nipple with his arm.

33.    He then threatened her against reporting her experience.

34.    For the duration of Plaintiff E.G.'s incarceration, whenever Ramos would walk by, he would wink or bite his lip in a sexually suggestive manner.

35.    Plaintiff E.G. mustered the courage to report Ramos' behavior to then-Warden Ray Garcia.

36.    Defendant Garcia was notorious for walking around the prison grabbing his genitalia through his pants in a manner that Plaintiff E.G. interpreted as sexually threatening.

37.    Still, Plaintiff E.G. did not know how to write or spell well in English, and Defendant Garcia was the only person to whom she knew to report such misconduct.

38.    When Plaintiff E.G. reported Ramos, Defendant Garcia just laughed at her and took no steps to intervene.

39.    Following her report, Ramos retaliated against Plaintiff E.G. by threatening to take her to the Special Housing Unit ("SHU").

40.    Ramos frequently threw out Plaintiff E.G.'s items that she had bought from the commissary.

41.    Ramos took away Plaintiff E.G.'s phone and commissary privileges for six months.

42.   Ramos also told other women in the unit that Plaintiff E.G. was a snitch, which put her in fear for her physical safety and forced her to move to a different unit.

43.   In 2021, Plaintiff E.G. returned to FCI Dublin after spending about a month in a halfway house.

44.   When she returned, Ramos performed an intrusive search of her room, again destroying her property.

45.   Ramos then sent her to the SHU, where she remained for two to three days before she was released due to advocacy from her mental health provider.

46.   Plaintiff E.G. got a job in the kitchen, and Officer Enrique Chavez supervised her work in the food pantry.

47.   Defendant Chavez regularly grabbed Plaintiff E.G.'s hands and kissed them, grabbed her buttocks, and tried to kiss her on the lips.

48.   Plaintiff E.G. would resist Defendant Chavez's efforts to kiss her mouth by turning her head, but he would then kiss her cheeks.

49.   Defendant Chavez would try to entice Plaintiff E.G. by buying her watches and perfume.

50.   Beginning around December 2021 and lasting through the end of her time in Dublin, Defendant Chavez began sexually abusing Plaintiff E.G.

51.   He would offer her contraband to entice her to submit to his sexual desires.

52.   Defendant Chavez inserted his fingers into her vagina and had her touch his penis.

53.   When Plaintiff E.G. was being released, Defendant Chavez came to her cell and told her to give him her home address and phone number.

54.   She complied.

55.   Defendant Garcia, acting as both the Warden of FCI Dublin and the PREA Coordinator, owed a duty to the prisoners in his custody to protect them from sexual violence.

56.   Defendant Garcia knew, or should have known, that Defendant Chavez was sexually abusing E.G.

57. Defendant Garcia failed to take any steps to protect Plaintiff E.G. from this sexual abuse.

58. After Plaintiff E.G.'s release, Defendant Chavez came to her home twice.

59. Both times, she did not have to encounter him, but she felt intimidated and in fear for her and her family's safety.

60. She felt like Defendant Chavez could get to her any time he wanted, and as a result, she did not feel safe reporting his misconduct, even after her release.

61. Plaintiff E.G. still fears that Defendant Chavez will find her or do something harmful to her family.

62. Plaintiff E.G. is a survivor of childhood sexual abuse and still fears going back to prison due to the trauma that she went through.

**EXHAUSTION**

63. On July 15, 2024, Plaintiff E.G., through counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

64. The BOP acknowledged receipt on July 30, 2024.

65. On August 26, 2025, Plaintiff E.G., through counsel, mailed an amended administrative claim under the FTCA to the BOP's Western Regional Office.

66. The BOP acknowledged receipt of the amended claim on September 3, 2025.

67. The BOP rejected her claim on February 27, 2026.

**EQUITABLE TOLLING**

68. Plaintiff E.G. is entitled to equitable tolling for her FTCA Claim.

69. The FTCA's statute of limitations is subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 420 (2015).

70. Equitable tolling applies when 1) a plaintiff pursued their rights diligently, and 2) extraordinary circumstances prevented timely filing. *Wong v. Beebe*, 732 F. 2d 1030, 1052 (9th Cir. 2013).

71. Courts have long recognized that survivors of sexual abuse may be entitled to equitable tolling where trauma, fear, retaliation, and coercion prevented timely filing. *See e.g., Su*

*E.G. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 6

*v. United States*, No. 4:25-cv-00329-YGR (N.D. Cal. Sept. 3, 2025), ECF No. 24; *Stoll v. Runyon*, 165 F. 3d 1238, 1242 (9th Cir. 1999) (equitable tolling is appropriate where sexual abuse and post-traumatic stress disorder rendered the plaintiff unable to timely pursue a claim).

72. Plaintiff E.G. clearly faced extraordinary circumstances, preventing the timely filing of her FTCA claim.

73. Because Plaintiff E.G. remained incarcerated within the BOP until June 2025, she continued to experience extraordinary circumstances preventing her from freely accessing the courts or safely pursuing her claims. As long as she remained under BOP custody and control, the threats, coercion, and fear of retaliation continued to silence her.

74. A court-appointed Special Master confirmed that during the time of Plaintiff M.C.'s incarceration, FCI Dublin lacked a safe and consistent path for women to file sex abuse complaints, that women in custody were intimidated and forced to justify why they needed to complete sex abuse complaints in the first place, and that women who tried to report abuse were met with retaliation, including solitary confinement and wrongful disciplinary infractions, which extended their incarceration.[1]

75. Plaintiff E.G. has diligently pursued her rights by initiating this claim as soon as she felt some level of safety.

76. Plaintiff E.G. has further demonstrated that she faced extraordinary circumstances preventing her from filing within the ordinary FTCA statutory period, including Defendant Chavez coming to her home on two occasions after she was released from FCI Dublin.

77. Defendants are not entitled to benefit from their own misconduct. Equitable tolling of Plaintiff E.G.'s statute of limitations prevents this very result. Without the equitable tolling of Plaintiff's statute of limitations, Defendants would be rewarded for the very intimidation, retaliation, and constitutional violations that prevented Plaintiff from asserting her claim within the statutory period.

---

[1] First Report of the Special Master Pursuant to the Court's Order of March 26, 2024, U.S Bureau of Prisons Federal Correctional Institution, Dublin, Submitted by Wendy Still, Special Master U.S. District Court Northern District Court of California, June 5, 2024.

*E.G. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 7

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### GENDER VIOLENCE
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.4)

78.    Plaintiff E.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

79.    Plaintiff E.G. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employees, Ramos and Defendants Chavez and Garcia.

80.    The United States is named as a defendant for the acts of these individual employees under the Federal Tort Claims Act.

81.    These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

82.    Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

83.    Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

84.    Ramos and Defendant Chavez  discriminated against Plaintiff E.G. based on her gender when they repeatedly sexually abused her by physically subjecting her to sexual acts.

85.    Defendant Garcia discriminated against Plaintiff E.G. based on her gender when he failed to protect her from repeated sexual abuse.

86.    By these acts, Defendants Chavez and Garcia, and Ramos, caused Plaintiff E.G. physical, mental, and emotional injuries as well as injury to her personal dignity.

### SECOND CLAIM FOR RELIEF
### GENDER VIOLENCE
### (against Defendants Chavez and Garcia)
### (Cal. Civ. Code § 52.4)

87.    Plaintiff E.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

88.     Plaintiff E.G. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against Defendants Chavez and Garcia.

89.     These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

90.     Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

91.     Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

92.     Plaintiff E.G. has a nonfrivolous argument that Defendants Chavez and Garcia bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

93.     Defendants Chavez discriminated against Plaintiff E.G. based on her gender when he repeatedly sexually abused her by physically subjecting her to sexual acts.

94.     Defendant Garcia discriminated against Plaintiff E.G. based on her gender when he failed to protect her from repeated sexual abuse.

95.     By these acts, Chavez and Garcia caused Plaintiff E.G. physical, mental, and emotional injuries as well as injury to her personal dignity.

**THIRD CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendant United States)**
**(FTCA; California Common Law)**

96.     Plaintiff E.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

97.     Plaintiff E.G. brings this claim for sexual assault under the Federal Tort Claims Act for violation of California common law against the United States based on the conduct of its employees, Ramos and Defendants Chavez and Garcia.

98.     These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

*E.G. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 9

99. Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

100. Defendant Chavez, and Ramos, violated Plaintiff E.G.'s right to be free from sexual assault by repeatedly sexually abusing her while she was incarcerated.

101. Defendant Chavez's, and Ramos', sexual abuse of Plaintiff E.G. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

102. Defendant Chavez, and Ramos, subjected Plaintiff E.G. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff E.G.'s person.

103. Defendant Garcia knew or should have known that Plaintiff E.G. was being sexually abused and failed to protect her despite his duty to do so.

104. By intentionally subjecting Plaintiff E.G. to sexual acts, Defendants Chavez and Garcia, and Ramos, acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

105. By repeatedly subjecting Plaintiff E.G. to sexual acts and/or failing to protect her from harm, Defendants Chavez and Garcia, and Ramos, caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

**FOURTH CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendants Chavez and Garcia)**
**(California Common Law)**

106. Plaintiff E.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

107. Plaintiff E.G. brings this claim for sexual assault for violation of her rights under California common law against Defendants Chavez and Garcia.

108. Defendant Chavez violated Plaintiff E.G.'s right to be free from sexual assault by repeatedly sexually abusing her while she was incarcerated.

109. Defendant Chavez's sexual abuse of Plaintiff E.G. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

110. Defendant Chavez subjected Plaintiff E.G. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff E.G.'s person.

111. Defendant Garcia knew or should have known that Plaintiff E.G. was being sexually abused and failed to protect her despite his duty to do so.

112. Plaintiff E.G. has a nonfrivolous argument that Defendants Chavez and Garcia bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

113. By intentionally subjecting Plaintiff E.G. to sexual acts and/or failing to protect her from harm, Defendants Chavez and Garcia acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

114. By repeatedly subjecting Plaintiff E.G. to sexual acts and/or failing to protect her from harm, Defendants Chavez and Garcia caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

**FIFTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 1708.5)**

115. Plaintiff E.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

116. Plaintiff E.G. brings this claim for sexual battery under the Federal Tort Claims Act based on California Civil Code § 1708.5 against the United States for the conduct of its employees, Ramos and Defendants Chavez and Garcia.

117. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

118. Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

119. Defendant Chavez, and Ramos, committed battery against Plaintiff E.G. by repeatedly sexually abusing her while she was incarcerated as a minimum-security prisoner at FCI Dublin.

120. Defendant Garcia knew or should have known that Plaintiff E.G. was being sexually abused and failed to protect her despite his duty to do so.

121. The sexual abuse of Plaintiff E.G., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

122. Defendants Chavez and Garcia, and Ramos, subjected Plaintiff E.G. to these sexual acts and/or failed to protect her from harm with the intent to cause a harmful or offensive contact with Plaintiff E.G.'s person.

### SIXTH CLAIM FOR RELIEF
### SEXUAL BATTERY
### (against Defendants Chavez and Garcia)
### (Cal. Civ. Code § 1708.5)

123. Plaintiff E.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

124. Plaintiff E.G. brings this claim for sexual battery under California Civil Code § 1708.5 against Defendants Chavez and Garcia.

125. Defendant Chavez committed battery against Plaintiff E.G. by repeatedly sexually abusing her while she was incarcerated as a minimum-security prisoner at FCI Dublin.

126. Defendant Garcia knew or should have known that Plaintiff E.G. was being sexually abused and failed to protect her despite his duty to do so.

127. Plaintiff E.G. has a nonfrivolous argument that Defendants Chavez and Garcia bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

128. The sexual abuse of Plaintiff E.G., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

129. Defendants Chavez and Garcia subjected Plaintiff E.G. to these sexual acts and/or failed to protect her from harm with the intent to cause a harmful or offensive contact with Plaintiff E.G.'s person.

//

//

## SEVENTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
#### (against Defendant United States)
#### (FTCA; California Common Law)

130.    Plaintiff E.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

131.    Plaintiff E.G. brings this claim under the Federal Tort Claims Act for the intentional infliction of emotional distress against the United States based on the conduct of Defendants Chavez and Garcia, and Ramos.

132.    These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

133.    Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

134.    Defendant Chavez, and Ramos, engaged in outrageous conduct by repeatedly subjecting Plaintiff E.G. to sexual acts while she was incarcerated as a prisoner in their employers' custody.

135.    They abused their authority over Plaintiff E.G. and their power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

136.    Defendant Garcia knew or should have known that Plaintiff E.G. was being sexually abused and failed to protect her despite his duty to do so.

137.    Defendant Chavez's, and Ramos', sexual abuse, and Defendant Garcia's failure to prevent it, caused Plaintiff E.G. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety.

138.    This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

139.    Defendants Chavez and Garcia, and Ramos, intended to cause Plaintiff E.G. this emotional distress because they knew that emotional distress was likely to result from their sexual abuse of a prisoner.

**EIGHTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendants Chavez and Garcia)**
**(California Common Law)**

140.    Plaintiff E.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

141.    Plaintiff E.G. brings this claim for the intentional infliction of emotional distress against Defendants Chavez and Garcia.

142.    Defendant Chavez engaged in outrageous conduct by repeatedly subjecting Plaintiff E.G. to sexual acts while she was incarcerated as a prisoner in his employer's custody.

143.    He abused his authority over Plaintiff E.G. and his power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

144.    Defendant Garcia knew or should have known that Plaintiff E.G. was being sexually abused and failed to protect her despite his duty to do so.

145.    Plaintiff E.G. has a nonfrivolous argument that Defendants Chavez and Garcia bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

146.    Defendant Chavez's sexual abuse and Defendant Garcia's failure to protect her from sexual abuse caused Plaintiff E.G. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety.

147.    This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

148.    Defendants Chavez and Garcia intended to cause Plaintiff E.G. this emotional distress because they knew that emotional distress was likely to result from their sexual abuse of a prisoner.

//
//
//

## NINTH CLAIM FOR RELIEF
## BANE ACT
## (against all Defendants)
## (FTCA; Cal. Civ. Code § 52.1)

149.    Plaintiff E.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

150.    Plaintiff E.G. was in the custody and control of the United States during all relevant times.

151.    Defendants Chavez and Garcia, and Ramos, violated Plaintiff E.G.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

152.    Plaintiff E.G. has a nonfrivolous argument that Defendants Chavez and Garcia bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

153.    Defendant United States, by the actions of its employees Chavez, Garcia, and Ramos, interfered with Plaintiff E.G.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

154.    As a proximate result of these acts, Plaintiff E.G. sustained damage and injury.

## TENTH CLAIM FOR RELIEF
## TRAFFICKING VICTIMS PROTECTION ACT
## (against all Defendants)
## (18 U.S.C. § 1581, *et seq.*)

155.    Plaintiff E.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

156. Defendant Chavez, and Ramos, knowingly recruited, enticed, and solicited Plaintiff E.G. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

157. Defendant Chavez, and Ramos, made Plaintiff E.G. engage in sex acts through force and coercion.

158. Defendant Garcia knew of, or should have reasonably known, that Defendant Chavez, and Ramos, were soliciting Plaintiff E.G. in exchange for sex acts, and benefited by failing to protect Plaintiff E.G.

159. Plaintiff E.G. has a nonfrivolous argument that Defendants Chavez and Garcia bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

160. This conduct has caused Plaintiff E.G. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and she has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

**ELEVENTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 52.5)**

161. Plaintiff E.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

162. Defendant Chavez, and Ramos, knowingly recruited, enticed, and solicited Plaintiff E.G. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

163. Defendant Chavez, and Ramos, made Plaintiff E.G. engage in sex acts through force and coercion.

164. Defendant Garcia knew or should have known that Defendant Chavez, and Ramos, were engaged in these activities and intentionally placed Plaintiff E.G. at greater risk of harm and/or failed to act in a manner that protected Plaintiff E.G. from harm.

165. Defendant United States employed Defendants Chavez, Garcia, and Ramos, whose actions and/or inactions occurred while they were acting as federal employees under the color of law.

166. This conduct has caused Plaintiff E.G. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

**TWELFTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against Defendants Chavez and Garcia)**
**(Cal. Civ. Code § 52.5)**

167. Plaintiff E.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

168. Defendant Chavez knowingly recruited, enticed, and solicited Plaintiff E.G. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

169. Defendant Chavez made Plaintiff E.G. engage in sex acts through force and coercion.

170. Defendant Garcia knew or should have known that Defendant Chavez, and Ramos, were engaged in these activities and intentionally placed Plaintiff E.G. in greater risk of harm and/or failed to act in a manner that protected Plaintiff E.G. from harm.

171. Plaintiff E.G. has a nonfrivolous argument that Defendants Chavez and Garcia bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

172. This conduct has caused Plaintiff E.G. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

**PRAYER FOR RELIEF**

173. Plaintiff E.G. prays for judgment against Defendants, and each of them, as follows:

(a) An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff E.G. in an amount to be determined at trial;

(b) An award to Plaintiff E.G. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and

(c)    For such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff E.G. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: March 3, 2026

SIEGEL, YEE, BRUNNER & MEHTA

By:_____
    EmilyRose Johns

GOLDEN LAW

By: /s/ *Deborah M. Golden*
    Deborah M. Golden

DC Bar # 470-578
Motion for *pro hac vice* forthcoming

*Attorneys for Plaintiff*